UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FORREST KENDRID,<br><br>            Plaintiff,<br><br>      v.<br><br>B. FORESTER, et al.<br><br>            Defendants. | No. 2:18-cv-0112-EFB P<br><br><br>ORDER |

Plaintiff is a civil detainee proceeding without counsel in an action brought under 42 U.S.C. § 1983. He has filed an application to proceed in forma pauperis (ECF No. 2) and a motion to appoint counsel (ECF No. 3).

### Application to Proceed In Forma Pauperis

Plaintiff's application appears to be sufficient. He has not attached a prison trust account statement to his application, but he indicates that he is a civil detainee. ECF No. 2. Thus, he is not required to do so. *See Page v. Torrey*, 201 F.3d 1136, 1140 (9th Cir. 2000) (holding that a civilly committed individual was not a "prisoner" within the meaning of the Prison Litigation Reform Act ("PLRA") and thus was not subject to the PLRA's requirement that prisoner-plaintiffs submit trust fund account statements or exhaust administrative remedies). Reviewed in this context, plaintiff has made the required showing and will be allowed to proceed in forma pauperis.

1

<u>Motion to Appoint Counsel</u>

Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1), *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). In certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525. However, without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id*. (internal quotation marks and citations omitted).

Having considered those factors, the court finds that the legal issues involved are not complex and the likelihood of his success on the merits cannot be ascertained at this stage of the pleadings.

<u>Screening</u>

I.     <u>Legal Standards</u>

The Court is required to screen plaintiff's complaint and dismiss the case, in whole or in part, if the Court determines it fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 556 U.S. at 678.

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th

Cir. 1984). "[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless." *Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989) (citation and internal quotations omitted), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Neitzke*, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *Id.*

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. (citations omitted). "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*, 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

/////

/////

3

II. <u>Analysis</u>

Plaintiff brings this action against seventeen defendants, three of whom are unidentified "Doe" defendants. ECF No. 1 at 2-3. He alleges that, on July 15, 2016, he was transferred to California State Prison – Sacramento from Atascadero State Hospital. *Id.* at 6. Upon arrival, plaintiff told a nurse – defendant Roque - that he needed a "C-Pac" machine to alleviate his sleep apnea and safeguard against difficulty breathing. *Id.* He also told Roque that he required a wheelchair due to past gunshot wounds that affected his ability to walk even short distances. *Id.* Roque allegedly told plaintiff that he had no documentation indicating a need for his requests and, consequently, there was nothing he could do. *Id.* Plaintiff states that he went without his "C-Pac" and wheelchair for approximately one month. *Id.* Eventually plaintiff was seen by a physician – defendant Hopkins – who told him that he would be given the "C-Pac" machine that night. *Id.* Plaintiff claims that it was not, however. *Id.*

A chrono generated by defendant B. Forester assigned plaintiff to a cell that required him to mount approximately six or seven stairs. *Id.* Plaintiff voiced his concerns about the stairs and was told by correctional officers that he would be assisted up and down as needed. *Id.* On May 16, 2017, plaintiff asked defendants Dang and "Doe" for help getting up the stairs. *Id.* They refused and he sustained a fall which warranted being transported to the hospital. *Id.* After his return from the hospital, plaintiff was returned to the same cell. *Id.*

On June 4, 2017, plaintiff asked defendants Darling and an unidentified "Doe" for a shower stall with hand rails, a chair to sit on, and a shower hose. *Id.* at 6-7. He asked that, if they could not meet those requests, they take him to medical so that this issue could be resolved. *Id.* at 7. They refused to do either, plaintiff elected to take a shower, and his legs gave out while doing so. *Id.*

With respect to defendants Richmond, Burnett, Sahota, Kelley, Wells, Hamad, Leyva, and Bron, plaintiff alleges that these individuals held a meeting regarding plaintiff's appeal on June 8, 2017. *Id.* at 9. Plaintiff states that these defendants ignored his safety concerns and placed him back in the same cell. *Id.* He does not, however, allege that he suffered any other falls or incidents after his appeal was rejected.

4

As a civil detainee, plaintiff's claims are analyzed under the Fourteenth Amendment. *Youngberg v. Romeo*, 457 U.S. 307, 315 (1982); *see also Gibson v. County of Washoe, Nev.*, 290 F.3d 1175, 1187 (9th Cir. 2002) ("Because [plaintiff] had not been convicted of a crime, but had only been arrested, his rights derive from the due process clause rather than the Eighth Amendment's protection against cruel and unusual punishment."). However, "the due process clause imposes, at a minimum, the same duty the Eighth Amendment imposes." *Gibson*, 290 F.3d at 1187. "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show deliberate indifference to serious medical needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). This requires plaintiff to show (1) "a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096.

Plaintiff has attempted to join multiple, unrelated claims against multiple defendants. As noted *supra*, he alleges that: (1) he was, for at least one month, denied a "C-Pac" machine necessary to address his sleep apnea condition; (2) he sustained a fall on May 16, 2017, when defendants Dang and "Doe" refused to help him up a set of stairs; and (3) he sustained another fall when defendants Darling and "Doe" refused to provide him with a shower with handrails and a chair. Federal Rule of Civil Procedure 20(a)(2) requires that the right to relief against multiple defendants arise out of common events and contain common questions of law or fact. Plaintiff's "C-Pac" claims bear no apparent relation to his fall claims. And his fall claims themselves do not arise from common events. They occurred several weeks apart, involved different circumstances (being helped up a set of stairs versus being provided a suitable shower stall), and different defendants.[1]

The court also notes that plaintiff's "C-Pac" claims do not indicate that he suffered any specific injury to his health as a result of the delay in providing him with the machine. *See Jett*,

---

[1] Both claims involved "Doe" defendants, but the caption of plaintiff's complaint makes clear that these are different unidentified individuals. ECF No. 1 at 3.

439 F.3d at 1096 (harm must result from defendant's indifference). The same is true of the denial of plaintiff's appeal which occurred after both of the specific falls he relates. Absent some injury, these claims are non-cognizable.

### Leave to Amend

Plaintiff may choose to amend his complaint. He is cautioned that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of his constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). Plaintiff may also include any allegations based on state law that are so closely related to his federal allegations that "they form the same case or controversy." *See* 28 U.S.C. § 1367(a).

The amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Nor, as mentioned above, may he bring unrelated claims against multiple defendants. *Id.*

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (*quoting Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims. He should also take pains to ensure that his amended complaint is as legible as possible. This refers not only to penmanship, but also spacing

and organization.  Plaintiff should carefully consider whether each of the defendants he names actually had involvement in the constitutional violations he alleges.  A "scattershot" approach in which plaintiff names dozens of defendants will not be looked upon favorably by the court.

<u>Conclusion</u>

Accordingly, it is ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) is GRANTED;

2. Plaintiff's motion to appoint counsel (ECF No. 3) is DENIED;

3. Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend within 30 days of service of this order; and

4. Failure to comply with this order may result in dismissal of this action.

DATED:  July 16, 2018.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE