UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FORREST KENDRID,

Plaintiff,

v.

B. FORESTER, et al.

Defendants.

No. 2:18-cv-0112-EFB P

ORDER

Plaintiff is a civil detainee proceeding without counsel and in forma pauperis in an action brought under 42 U.S.C. § 1983. After dismissal of the original complaint pursuant to 28 U.S.C. § 1915A, he has filed an amended complaint (ECF No. 14) which must be screened.

Screening Standards

The court is required to screen plaintiff's complaint and dismiss the case, in whole or in part, if the court determines it fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009)

1

(internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 556 U.S. at 678.

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless." *Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989) (citation and internal quotations omitted), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Neitzke*, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *Id.*

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." *Id.* (citations omitted). "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*, 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976), as well as construe the pleading

in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

Analysis

According to the complaint, plaintiff is wheelchair bound, cannot navigate stairs, and needs special shower accommodations. ECF No. 14 at 4, 6-7. On April 24, 2017, defendant Forester assigned plaintiff to a cell that required him to climb six or seven steps. *Id.* at 3. Forester advised custody staff about plaintiff's mobility issues and instructed staff on how to assist plaintiff. *Id.*

Nearly one month later, on May 16, 2017, plaintiff asked defendants Dang and "Doe"[1] for help getting up the stairs. *Id.* They refused. *Id.* Plaintiff struggled to pull his wheelchair up the stairs. *Id.* His legs gave out and he sustained a fall which warranted being transported to the hospital.[2] *Id.* at 3-4. After his return from the hospital, plaintiff was returned to the same cell. *Id.* at 4.

On May 22, 2017, a chrono was generated to document that plaintiff is a full-time wheelchair user with severe mobility restrictions. *Id.* The chrono stated that plaintiff needed a wheelchair-accessible cell and housing with a level-ground and no obstructions. *Id.* Plaintiff also advised defendant Richmond, one of the prison's ADA coordinators, that he could not navigate stairs and needed special shower accommodations. *Id.* Richmond told plaintiff she needed time to respond to his request because she needed input from the Reasonable Accommodation Panel.[3] *Id.* at 9.

/////

---

[1] Unknown persons cannot be served with process until they are identified by their real names and the court will not investigate the names and identities of unnamed defendants. If the court ultimately orders service by the U.S. Marshal of any amended complaint, and plaintiff subsequently learns the identity of a party he wishes to serve, he may move pursuant to Rule 15 of the Federal Rules of Civil Procedure to file another amended complaint to add that individual as a defendant. *See Brass v. County of Los Angeles*, 328 F.3d 1192, 1197-98 (9th Cir. 2003).

[2] Plaintiff alleges that defendant O'Brian reported this incident. ECF No. 14 at 4.

[3] The Reasonable Accommodation Panel consists of Burnett, Sahota, Wells, Hamad, and Levya. ECF No. 14 at 10.

On May 23, 2017, either the same Doe or a different Doe defendant allegedly refused to help plaintiff down the stairs. *Id.* at 4. Plaintiff fell and was again transported to an outside hospital. *Id.*

On May 26, 2017, the Reasonable Accommodation Panel held a hearing regarding plaintiff's need for safe housing and showering accommodations. *Id.* at 5, 10. On May 31, 2017, the Panel requested more information from plaintiff. *Id.*

On June 4, 2017, plaintiff asked defendants Darling and an unidentified "Doe" for a shower stall with hand rails, a chair to sit on, and a shower hose. *Id.* at 5. He asked that, if they could not meet those requests, they take him to medical so that this issue could be resolved. *Id.* They refused to do either, plaintiff elected to take a shower, and his legs gave out while doing so. *Id.* at 5-6.

On June 21, 2017, the Panel issued a decision stating that plaintiff would be transferred to another institution. *Id.* at 10. Also, without any type of evaluation or reason, plaintiff's medical status was changed to "DPO," meaning intermittent wheelchair user. *Id.* at 6, 10. Plaintiff was subsequently transferred to the California Medical Facility, where doctors reverted him back "DPW" status, meaning permanent wheelchair user. *Id.*

As a civil detainee, plaintiff's claims are analyzed under the Fourteenth Amendment. *Youngberg v. Romeo*, 457 U.S. 307, 315 (1982); *see also Gibson v. County of Washoe, Nev.*, 290 F.3d 1175, 1187 (9th Cir. 2002) ("Because [plaintiff] had not been convicted of a crime, but had only been arrested, his rights derive from the due process clause rather than the Eighth Amendment's protection against cruel and unusual punishment."). However, "the due process clause imposes, at a minimum, the same duty the Eighth Amendment imposes." *Gibson*, 290 F.3d at 1187. "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show deliberate indifference to serious medical needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). This requires plaintiff to show (1) "a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of

/////

pain," and (2) "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096.

Liberally construed, the amended complaint states a potentially cognizable deliberate indifference claim against defendant Dang and a potentially cognizable deliberate indifference claim against defendant Darling. These two claims, however, cannot be properly joined in this action. As noted *supra*, these two claims are based on the following allegations: (1) that plaintiff sustained a fall on May 16, 2017, when defendants Dang and "Doe" refused to help him up a set of stairs; and (2) that plaintiff sustained another fall on June 4, 2017 when defendants Darling and another "Doe" refused to provide him with a shower with handrails and a chair. Federal Rule of Civil Procedure 20(a)(2) requires that the right to relief against multiple defendants arise out of common events and contain common questions of law or fact. Plaintiff's fall claims do not arise from common events. They occurred several weeks apart, involved different circumstances (being helped up a set of stairs versus being provided a suitable shower stall), and different defendants. Accordingly, the unrelated claims against defendants Dang and Darling are dismissed with leave to amend to correct the misjoinder issue.

Furthermore, the allegations do not show deliberate indifference from any other defendant. To the contrary, the allegations suggest that they may have been trying to help plaintiff. For example, defendant Forester allegedly instructed custody staff to assist plaintiff because of his mobility issues. And it is not clear whether Forester was aware of any of plaintiff's falls. As for defendant Richmond, she apparently told plaintiff she would help him, but had to wait for a response from the Panel. It is not clear whether she was authorized to provide immediate assistance prior to getting such response. Therefore, the claims against those defendants must also be dismissed with leave to amend for failure to state a claim. If plaintiff chooses to amend as to these defendants, he must specify which acts or omissions of these defendants were deliberately indifferent and why. Deliberate indifference requires facts showing that the defendant, acting with a state of mind more blameworthy than negligence, denied, delayed, or interfered with the treatment of plaintiff's serious medical needs. *Farmer v. Brennan*, 511 U.S. 825, 835 (1994); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The indifference to

medical needs must be substantial; mere malpractice, or even gross negligence, does not constitute cruel and unusual punishment. *Estelle*, 429 U.S. at 106.

Finally, the court notes that plaintiff must be clear about who he intends to sue. The caption of the complaint lists the following six defendants: Forester, Richmond, Dang, Darling, Banghman, and O'Brian. ECF No. 14 at 1. The name "O'Brian," however, has a line drawn through it.[4] *Id.* Elsewhere in the complaint, plaintiff purports to add the five individually-named members of the Reasonable Accommodation Panel as defendants, *id.* at 9-10, but then later omits them, referring back to "all named defendants 1-6."[5] *See, e.g., id.* at 11. In any second amended complaint, plaintiff must include a caption naming all intended defendants.

## Leave to Amend

As noted, plaintiff is granted leave to amend his complaint. However, in any amended complaint, plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving him of his constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). Plaintiff may also include any allegations based on state law that are so closely related to his federal allegations that "they form the same case or controversy." *See* 28 U.S.C. § 1367(a).

The amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

/////

/////

---

[4] There are also no discernable allegations linking O'Brian to any deprivation of plaintiff's rights.

[5] The court also notes that any claims against the Panel members do not indicate that plaintiff suffered any specific injury to his health. *See Jett*, 439 F.3d at 1096 (harm must result from defendant's indifference). The Panel's June 21, 2017 decision post-dates each of plaintiff's alleged falls and he alleges no injury resulting from the Panel's "DPO" designation or order of transfer. Absent some injury, there can be no claim.

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Nor, as mentioned above, may he bring unrelated claims against multiple defendants. *Id.*

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (*quoting Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims. He should also take pains to ensure that his amended complaint is as legible as possible. This refers not only to penmanship, but also spacing and organization. Plaintiff should carefully consider whether each of the defendants he names actually had involvement in the constitutional violations he alleges. A "scattershot" approach in which plaintiff names dozens of defendants will not be looked upon favorably by the court.

## Conclusion

Accordingly, it is ORDERED that plaintiff's first amended complaint (ECF No. 14) is dismissed with leave to amend within 30 days of service of this order, and failure to comply with this order may result in dismissal of this action for the reasons stated herein.

DATED: October 8, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE